[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 Date of Sentence: November 22, 1991 Date of Application: November 22, 1991 Date Application Filed: December 11, 1991 Date of Decision: January 26, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury at Waterbury, Docket No. 4-188219.
Sheridan Moore, Esq., for the Petitioner. CT Page 2417
Maureen Keegan, Esq., Assistant State's Attorney for the State
BY THE DIVISION
The petitioner, after a trial by jury, was convicted of Burglary First in violation of Connecticut General Statutes53a-101; Unlawful Restraint First in violation of Connecticut General Statutes 53a-95 and Assault of Victim over 60 years in in violation of Connecticut General Statutes 53a-61a. The court imposed seventeen years to serve on the Burglary; five years to serve on the Unlawful Restraint count and one year to serve on the Assault count. The court ran all three sentences concurrent but declared that five years of the sentence "will not be suspendible" for a total effective sentence of seventeen years to serve.
The facts show that a 68 year old female was awakened by the petitioner in her bedroom at 7:30 AM. Asked what he was doing there the petitioner punched the victim in the forehead and choked the victim with a pillow until she was unconscious. When she regained consciousness she found herself locked in her bedroom closet. Once outside of the closet she discovered cash and jewelry missing from her apartment. The victim suffered cracked ribs, a bruised sternum and "a problem with her hips."
Counsel for the petitioner thought that the sentence imposed by the court was excessive. She noted that the petitioner had two minor children that were dependent upon him, that he has been gainfully employed worker for up to 15 to 16 hours per week. Counsel argued that the sentencing court punished the petitioner for the fact that he was found not guilty on some counts.
Petitioner when he spoke to the panel emphasized his working history and that he wished to be released to help his children. He felt that the sentence imposed was "kind of harsh" and that he now recognized that jail is not the way to go in life. CT Page 2418
Attorney for the state called the petitioner a habitual criminal that should have received the maximum sentence for his misdeeds. She argued that the sentencing judge took into consideration the petitioner's family history and his work record of employment. She felt that the public needs to be protected from the conduct of the petitioner and that the sentence imposed by the court was a fair and appropriate sentence.
The sentencing transcript shows that the court was sensitive to the family plight of the petitioner and that he read the probation report very carefully before imposing sentence. He noted that the petitioner was given every advantage that the correction system had to offer and that he abused every possibility of turning his life around. He noted the effect the crimes had on the victim and that the petitioner should not have benefit of home release in the future.
The division notes that the crimes committed here were very brutal in their execution. Praying on an elderly person, as here, activates the requirement that a person be sentenced for the protection of the public, as well as the deterrent, rehabilitative, isolative and denunciatory purposes for which a sentence is intended. In accordance with P.B. 942 the sentence is neither inappropriate, disproportionate or excessive. The sentence is affirmed
Norko, J. Klaczak, J. Purtill, J.
Norko, J., Klaczak, J., Purtill, J. participated in the hearing.